[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Dr. Shanley and Fairfield Orthopedic Associates, P.C. move for summary judgment as to the sixth count of the complaint filed by plaintiff Peter Zebras, who seeks compensation for injures he alleges he suffered as a consequence of an operation performed by Dr. Shanley. The sixth count is based on the Connecticut Products Liability Act. See Gen. Stat. § 52-572m et seq. For the reasons stated below, the motion is granted.
Peter Zebras has sued Walter T. Shanley, M.D., Fairfield Orthopedic Associates, P.C., and St. Vincent's Medical Center. With respect to Dr. Shanley and Fairfield Orthopedic Associates, P.C., the plaintiff alleges claims based on the following legal theories: medical malpractice, lack of informed consent, products liability, and breach of oral contract. The product liability claim is set forth in the sixth count. In paragraph seven of this count, the plaintiff alleges "This action is brought as a product liability claim pursuant to Connecticut General Statutes Section52-572m, et seq." Dr. Shanley and Fairfield Orthopedic Associates, P.C. move for summary judgment on the ground they were not product sellers. In support of the motion, Dr. Shanley has filed an affidavit that shows he provided medical care and treatment to Peter Zbras. He denies that he ever engaged in the business selling TSRH hardware.
The plaintiff presents two arguments in opposition to the motion for summary judgment. First, he argues that Dr. Shanley and Fairfield Orthopedic Associates, P.C. were sellers of TSRH hardware either directly or through St. Vincent's Medical Center and as such are liable for breaching an implied warranty for a particular purpose. See Connecticut General Statutes § 42a-2-315. Second, he argues that the defendants need not be product CT Page 3948 sellers to incur liability under the sixth count because the allegations and facts support liability under a theory of negligent misrepresentation.
Neither Dr. Shanley nor Fairfield Orthopedic Associates, P.C. were product sellers. Dr. Shanley performed surgery on the plaintiff. The fact that he ordered and used TSRH hardware did not make Dr. Shanley or Fairfield Orthopedic Associates, P.C. product sellers or distributors of the TSRH hardware. The use of the hardware was merely incidental to the medical services that were provided. The defendants were not product sellers by themselves. They were not sellers through St. Vincent's Medical Center. See Zichichi v. Middlesex Memorial Hospital,204 Conn. 399 (1987). "Without the factual predicate of a `sale' of a `product,' the plaintiff has no basis for asserting a claim under § 52-572m et seq." Id. at 405.
The plaintiff's second argument is that he has a claim under the sixth count even if Dr. Shanley and Fairfield Orthopedic Associates, P.C. were not product sellers. This claim, according to the plaintiff, is for innocent misrepresentation. This theory should be distinguished from a cause of action based on a contract by a physician to achieve a specific result, which theory is not alleged in the sixth count. The plaintiff cites as authority for his second argument the case Matyas v. Minck,37 Conn. App. 321 (1995). The Matyas case involved a sale. It involved a misrepresentation claim brought by the purchasers of a house who alleged that the sellers had misrepresented that the septic system servicing the house was located entirely within the boundaries of the property being sold. Liability for innocent misrepresentation is based on principles of warranty. Johnson v.Healy, 176 Conn. 97 (1978). Strict liability for innocent misrepresentation has been applied to the sale of goods and to business transactions such as the sale of a house, Matyas v.Minck, supra, and the construction and sale of a new home,Johnson v. Healy, supra. The defendant has not, however, cited any authority for extending this theory beyond commercial exchanges to the performance of medical services.
The motion for summary judgment as to the sixth count is granted.
THIM, JUDGE